LATHAM & WATKINS LLP
  Karl S. Lytz (Bar No. 110895)
  Richard W. Raushenbush (Bar No. 134983)
  Benjamin J. Horwich (Bar No. 249090)
  Randi L. Wallach (Bar No. 241171)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email:
    Karl.Lytz@lw.com
    Richard.Raushenbush@lw.com
    Benjamin.Horwich@lw.com
    Randi.Wallach@lw.com

Attorneys for Defendant
PACIFICORP, an Oregon Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KLAMATH RIVERKEEPER,** a nonprofit public benefit corporation; **HOWARD McCONNELL**; **LEAF G. HILLMAN**; **ROBERT ATTEBERY**; and **BLYTHE REIS**;<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>**PACIFICORP, INC.**, an Oregon Corporation;<br><br>　　　　Defendant. | CASE NO.: C 07-06199 WHA<br><br>**DEFENDANT PACIFICORP'S NOTICE OF MOTION AND MOTION TO DISMISS DUPLICATIVE SUIT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 24, 2008<br>Time: 8:00 a.m.<br>Place: Courtroom 9, 19th Floor<br><br><br>Judge: Hon. William H. Alsup |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on January 24, 2008, at 8:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable William H. Alsup, Defendant PacifiCorp will move the Court for the dismissal of Plaintiffs' Complaint with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), or for other appropriate relief.

This motion is based on the Federal Rules of Civil Procedure, the pleadings and records on file herein, PacifiCorp's Request for Judicial Notice filed herewith, the pleadings and records on file in *McConnell v. PacifiCorp, Inc.*, No. C-07-02382 WHA (N.D. Cal.), and the Memorandum of Points and Authorities set forth below.

**RELIEF REQUESTED**

PacifiCorp seeks dismissal of Plaintiffs' Complaint with prejudice.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF FACTS .................................................................................................... 3

    A. *McConnell* Case History ......................................................................................... 3

    B. *Riverkeeper* Case History ....................................................................................... 4

III. ISSUE TO BE DECIDED ..................................................................................................... 5

IV. ARGUMENT .......................................................................................................................... 5

    A. The *Riverkeeper* Case Is Duplicative Of The *McConnell* Case And Thus Violates The Rule Against Claim-Splitting ................................................... 5

        1. The *McConnell* Complaint And The *Riverkeeper* Complaint Assert The Same Causes Of Action And Seek The Same Relief ............................................................................................... 6

        2. The Parties Are Substantially The Same In The *McConnell* Complaint And The *Riverkeeper* Complaint. ........................................... 10

    B. The *Riverkeeper* Complaint Should Be Dismissed With Prejudice..................... 10

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Adams v. Cal. Dep't of Health Servs.*,
  487 F.3d 684 (9th Cir.), *cert. denied*, 76 U.S.L.W. 3303 (U.S. Dec. 10, 2007)
  (No. 07-467) .................................................................................................................... passim

*Baker v. Voith Fabrics U.S. Sales, Inc.*,
  No. 07-003, 2007 WL 1549919 (E.D. Wash. May 24, 2007) ................................................. 7

*Clements v. Airport Auth.*,
  69 F.3d 321 (9th Cir. 1995) ..................................................................................................... 5

*Costantini v. Trans World Airlines*,
  681 F.2d 1199 (9th Cir. 1982) .......................................................................................... 6, 8, 9

*Dague v. City of Burlington*,
  935 F.2d 1343 (2d Cir. 1991), *rev'd in part on other grounds*, 505 U.S. 555
  (1992) ....................................................................................................................................... 2

*Davis v. Sun Oil Co.*,
  148 F.3d 606 (6th Cir. 1998) ................................................................................................... 9

*First Pac. Bancorp, Inc. v. Helfer*,
  224 F.3d 1117 (9th Cir. 2000) ................................................................................................. 9

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Co.*,
  528 U.S. 167 (2000) ............................................................................................................... 10

*Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*,
  296 F.3d 987 (10th Cir. 2002) ................................................................................................. 6

*Int'l Union v. Karr*,
  994 F.2d 1426 (9th Cir. 1993) ................................................................................................. 7

*Klamath Riverkeeper v. PacifiCorp, Inc.*,
  No. CV-07-06199 WHA (N.D. Cal. Dec. 6, 2007) ........................................................ passim

*McConnell v. PacifiCorp, Inc.*,
  No. C-07-02382 WHA (N.D. Cal.) ................................................................................. passim

*Mpoyo v. Litton Electro-Optical Sys.*,
  430 F.3d 985 (9th Cir. 2005) ................................................................................................ 7, 9

*Neal v. Farmers Ins. Ex.*,
  21 Cal. 3d 910 (Cal. 1978) .................................................................................................... 10

*Owens v. Kaiser Found. Health Plan, Inc.*,
  244 F.3d 708 (9th Cir. 2001) ................................................................................................ 6, 9

**STATUTES**

42 U.S.C. § 6901 ................................................................................................................ 1, 3

42 U.S.C. § 6972(a)(1)(B) .................................................................................................. 3, 9

**RULES**

Civ. L.R. 7-4(a)(2) ................................................................................................................. 5

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 5

**OTHER AUTHORITIES**

H.R. Rep. No. 94-1491 (1976), 1976 U.S.C.C.A.N. 6238 ..................................................... 2

Restatement (Second) of Judgments § 26 cmt. a (1982) ....................................................... 5

iii

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Defendant's Notice of Motion and Motion to Dismiss
CASE NO. C 07-06199 WHA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The Court already is well-familiar with the issues raised in this "new" Complaint, as they are the very <u>same</u> issues previously raised by the <u>same</u> Plaintiffs in a pending action before this Court, captioned *McConnell v. PacifiCorp, Inc.*, No. C-07-02382 WHA (N.D. Cal.) ("*McConnell* case").[1] In fact, all of the Plaintiffs here admit that they are also Plaintiffs in *McConnell*, and that the two cases arise out of the same factual events. RJN, Ex. 2. But, because Plaintiffs already filed *McConnell*, filing this duplicative case is forbidden: "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir.) (citations omitted), *cert. denied*, 76 U.S.L.W. 3303 (U.S. Dec. 10, 2007) (No. 07-467).

What the Plaintiffs fail to report is that they had previously advised the Court that they would amend the *McConnell* complaint to add the present cause of action, that they knowingly failed to do so before the Court's September 27, 2007, amendment deadline, and that they are now attempting to cure their failure to timely amend and side-step the Court's Case Management Order in *McConnell* by filing this "new" but duplicative Complaint.

The two Complaints are similar indeed: The Plaintiffs are once again alleging that the Project causes or contributes to poor water quality conditions—particularly, blooms of *Microcystis aeruginosa* ("blue-green algae")—in the Copco and Iron Gate Reservoirs and downstream, that they claim are harmful to humans and anadromous fish. The "new" Complaint (the "*Riverkeeper* Complaint") relies on the same facts as *McConnell* to assert a claim pursuant to the Federal Solid Waste Disposal Act, 42 U.S.C. § 6901 et seq. (also known as the Resource Conservation and Recovery Act or "RCRA"), the federal statute that regulates the land disposal

---

[1] Defendant PacifiCorp's Request for Judicial Notice ("RJN"), Ex. 1 (*McConnell* Complaint).

1

1  and management of solid and hazardous wastes,[2] claiming that the naturally occurring blue green
2  algae that sometimes proliferates in the Project's reservoirs (and elsewhere in waters throughout
3  the State and the world) in summer months is a "solid waste" or a "hazardous waste" that
4  PacifiCorp is improperly "disposing" by allowing it to pass through PacifiCorp's hydroelectric
5  dams.

6        The only surprise about the *Riverkeeper* Complaint is that it is being filed now.
7  As the Plaintiffs stated months ago in the *McConnell* Joint Case Management Statement: "On
8  June 27, 2007, Plaintiffs sent PacifiCorp a notice of intent to sue," the *McConnell* Plaintiffs
9  "intend to seek leave of this Court to amend their complaint to assert a claim under the Federal
10 Solid Waste Disposal Act," and such "claim will ripen on September 27, 2007." RJN, Ex. 3.
11 This Court knowingly set a deadline of September 27, 2007, in the Court's *McConnell* Case
12 Management Order ("CMO"), for the *McConnell* Plaintiffs to seek that pleading amendment.
13 RJN, Ex. 4.

14       The *McConnell* Plaintiffs failed to comply with the Court's CMO. Instead, <u>seven
15 months</u> after filing the *McConnell* action, and nearly <u>six months</u> after noticing their intent to sue,
16 most of the *McConnell* Plaintiffs now seek to circumvent the Court's *McConnell* CMO by filing
17 what was to be an amendment to their *McConnell* Complaint as a new civil action against the
18 same defendant in the same court. As a separate action, the *Riverkeeper* case is wholly
19 duplicative of the *McConnell* case, a case that PacifiCorp has been diligently litigating pursuant
20 to the Court's CMO for the past four-and-a-half months.

21       Because the *Riverkeeper* case violates the rule against claim-splitting, and because
22 allowing it to proceed would subject PacifiCorp to more "vexatious and expensive litigation" than
23 it is already faced with, it should be dismissed with prejudice. *See Adams*, 487 F.3d at 693.

---

[2] As the Second Circuit wrote: "When congress enacted RCRA in 1976, it sought to close 'the last remaining loophole in environmental law, that of unregulated land disposal of discarded materials and hazardous waste." *Dague v. City of Burlington,* 935 F.2d 1343, 1355 (2d Cir. 1991) (citing H.R. Rep. No. 94-1491, at 4 (1976), 1976 U.S.C.C.A.N. 6238, 6241), *rev'd in part on other grounds*, 505 U.S. 555 (1992). RCRA is not a law intended to regulate water quality issues.

## II. STATEMENT OF FACTS

### A. *McConnell* Case History

On May 2, 2007, eight plaintiffs (Howard McConnell, Leaf G. Hillman, Robert Attebery, Frankie Joe Myers, Terance J. Supahan, Michael T. Hudson, Blythe Reis, and Klamath Riverkeeper) filed the *McConnell* Complaint against PacifiCorp alleging that the Project causes or contributes to poor water quality conditions—particularly, blooms of blue-green algae—in the Copco and Iron Gate Reservoirs and downstream, that they claim are harmful to humans and anadromous fish, and asserting statutory (California Business & Professions Code section 17200) and common law (private nuisance—continuing and permanent; public nuisance—continuing and permanent; trespass; and negligence) causes of action to remedy the alleged harms. *See* RJN, Ex. 1 (*McConnell* Complaint, Docket No. 1). The *McConnell* Plaintiffs requested compensatory and punitive damages and injunctive relief. *Id.*

PacifiCorp filed a motion to dismiss Plaintiffs' claims for injunctive relief, and a motion to stay Plaintiffs' claims for damages pending the completion of FERC relicensing proceedings related to the Project. The Court granted PacifiCorp's motion to dismiss Plaintiffs' claims for injunctive relief and denied PacifiCorp's motion to stay the damages claims on August 16, 2007. *See* RJN, Ex. 5 (*McConnell* Order, Docket No. 49).

On the same day, the Court held a Case Management Conference ("CMC"). Prior to the conference, the parties submitted a Joint CMC Statement. RJN, Ex. 3 (*McConnell* Joint CMC Statement, Docket No. 44). Of particular relevance here, in the Joint CMC Statement, *McConnell* Plaintiffs stated:

> Plaintiffs intend to seek leave of this Court to amend their complaint to assert a claim under the Federal Solid Waste Disposal Act (also known as the Resource Conservation and Recovery Act" or "RCRA"), 42 U.S.C. § 6901 *et seq.* On June 27, 2007, Plaintiffs sent PacifiCorp a notice of intent to sue based on PacifiCorp's "contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment" (42 U.S.C. § 6972(a)(1)(B)). That claim will ripen on September 27, 2007.

*Id.* at 10. During the CMC, and in the August 16, 2007, Case Management Order ("*McConnell* CMO"), the Court provided that leave to make pleading amendments in the *McConnell* case

could have been sought up through and including September 27, 2007, the exact date Plaintiffs determined their claim pursuant to RCRA ripened. RJN, Ex. 4 (*McConnell* CMO, Docket No. 48) at 1.

The *McConnell* Plaintiffs never sought leave to amend their Complaint. RJN, Ex. 6 (*McConnell* case Docket). Written discovery is well underway.

### B. *Riverkeeper* Case History

On December 6, 2007, five of the eight *McConnell* Plaintiffs (Klamath Riverkeeper; Howard McConnell; Leaf G. Hillman; Robert Attebery; and Blythe Reis) filed the instant action, the *Riverkeeper* case, in the Northern District. Complaint, *Klamath Riverkeeper v. PacifiCorp, Inc.*, No. CV-07-06199 WHA (N.D. Cal. Dec. 6, 2007). The factual allegations of the *Riverkeeper* Complaint are strikingly similar to those of the *McConnell* Complaint. *Compare McConnell* Complaint, ¶¶ 1-7; 23-79 *with Riverkeeper* Complaint, ¶¶ 1-8; 30-78. Just as in the *McConnell* case, Plaintiffs in the *Riverkeeper* case allege that the Project causes or contributes to poor water quality conditions—particularly, blooms of blue-green algae—in the Copco and Iron Gate Reservoirs and downstream, that are harmful to humans and anadromous fish. *See, e.g.*, *Riverkeeper* Complaint, ¶¶ 30-33.

Indeed, *McConnell* Plaintiffs admit that "the harm giving rise to the claims in both cases stems from the same factual events" and that there is "commonality of the essential underlying facts in each case." *See* RJN, Ex. 2 (*McConnell* Administrative Motion, Docket No. 60) (herein "*McConnell* Related Case Motion") at 1-2. The *Riverkeeper* case ties these same *McConnell* factual allegations to a new legal theory, one pursuant to the citizen suit provision of RCRA. *See Riverkeeper* Complaint. This Court determined that the *Riverkeeper* case is related to the *McConnell* case on December 17, 2007. *See* RJN, Ex. 7 (Related Case Order, *McConnell* Docket No. 61).

Even though the *Riverkeeper* Complaint was only just filed, Plaintiffs have known about, and purportedly intended to bring, the RCRA claim since, at the latest, June 27, 2007, when they sent PacifiCorp a notice of their intent to assert a claim pursuant to RCRA. *See* RJN, Ex. 3 (*McConnell* Joint CMC Statement) at 10. Nonetheless, Plaintiffs missed their deadline to

4

amend their *McConnell* Complaint, then <u>waited another two and a half months</u>, and finally filed the *Riverkeeper* case as a new, separate action in the Northern District on December 6, 2007.

## III.   ISSUE TO BE DECIDED

Pursuant to Civ. L.R. 7-4(a)(3), the issue to be decided is:  Whether Plaintiffs' *Riverkeeper* Complaint, which alleges that PacifiCorp's Klamath River Project causes or contributes to poor water quality conditions that are harmful to humans and anadromous fish, is duplicative of Plaintiffs' *McConnell* Complaint, which alleges that PacifiCorp's Klamath River Project causes or contributes to poor water quality conditions that are harmful to humans and anadromous fish, and thus should be dismissed for violating the rule against claim-splitting.

## IV.   ARGUMENT

This motion is brought as a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), or for other relief that the Court deems appropriate.  "District courts retain broad discretion to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir.) (citations omitted), *cert. denied*, 76 U.S.L.W. 3303 (U.S. Dec. 10, 2007) (No. 07-467).

### A.   The *Riverkeeper* Case Is Duplicative Of The *McConnell* Case And Thus Violates The Rule Against Claim-Splitting

*McConnell* Plaintiffs were "required to bring at one time all of the claims against [PacifiCorp or its privies] relating to the same transaction or event" because "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams*, 487 F.3d at 688, 693 (citations omitted).  The "main purpose behind the rule preventing claim splitting is 'to protect the defendant from being harassed by repetitive actions based on the same claim.'" *Clements v. Airport Auth.*, 69 F.3d 321, 328 (9th Cir. 1995) (citing Restatement (Second) of Judgments § 26 cmt. a (1982)).

"To determine whether a suit is duplicative" and thus violates the rule against claim-splitting, the Ninth Circuit "borrow[s] from the test for claim preclusion" and "examine

5

whether [1] the causes of action and the relief sought, as well as [2] the parties or privies to the action, are the same." *Adams*, 487 F.3d at 688-89 (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 987 n.1 (10th Cir. 2002) ("[I]n the claim-splitting context, the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion.")); *see also Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) ("[T]he doctrine of res judicata (or claim preclusion) bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action.") (citations omitted).

Plaintiffs have no right to maintain the *Riverkeeper* suit, a separate action that is entirely duplicative of Plaintiffs' *McConnell* suit against PacifiCorp.

### 1. The *McConnell* Complaint And The *Riverkeeper* Complaint Assert The Same Causes Of Action And Seek The Same Relief

"To ascertain whether successive causes of action are the same," the Ninth Circuit uses the "transaction test." *Adams*, 487 F.3d at 689. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.* (citations omitted). In applying the transaction test, the Ninth Circuit examines four criteria:

(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action

(2) whether substantially the same evidence is presented in the two actions;

(3) whether the two suits involve infringement of the same rights; and

(4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* (citing *Costantini*, 681 F.2d at 1201-02). "The last of these criteria"—whether the two suits arise out of the same transactional nucleus of facts—"is the most important." *Adams,* 487 F.3d at 689 (quoting *Costantini,* 681 F.2d at 1202; *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001) ("The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts.") (citations omitted). Indeed, the Ninth Circuit "has often held the common nucleus criterion to be outcome determinative." *Mpoyo v. Litton Electro-*

6

1  *Optical Sys.*, 430 F.3d 985, 987-88 (9th Cir. 2005) (holding that res judicata principles barred a
2  subsequent action even though the "other criteria do not as clearly counsel" whether the suits
3  arise out of the same claim, because the common nucleus of operative fact criterion "controls and
4  assures the two suits involve the same claim or cause of action") (citing *Int'l Union v. Karr*, 994
5  F.2d 1426, 1429-30 (9th Cir. 1993) (finding the common nucleus criterion outcome
6  determinative and listing cases using it as the exclusive factor to bar a second claim under res
7  judicata)).

Thus, taking the last and most important criterion first, the *McConnell* case and the *Riverkeeper* case arise out of the exact same transactional nucleus of (alleged) facts: that the Project causes or contributes to poor water quality conditions—particularly, blooms of blue-green algae—in the Copco and Iron Gate Reservoirs and downstream, that are harmful to humans and anadromous fish. *See, e.g*, *McConnell* Complaint, ¶¶ 23-25; *Riverkeeper* Complaint, ¶¶ 30-33. *McConnell* Plaintiffs admit that the two cases "concern the same transaction or events" and that the "harm giving rise to the claims in both cases stems from the same factual events." RJN, Ex. 2 (*McConnell* Related Case Motion) at 1.

Indeed, the Statement of Facts sections in the *McConnell* Complaint and the *Riverkeeper* Complaint are nearly identical. Comparing the *McConnell* and *Riverkeeper* Complaints side-by-side demonstrates that, apart from several paragraphs of necessary "new" allegations that PacifiCorp's operation of the Project causes or contributes to "solid waste" generation, storage, handling and disposal,[3] the forty-eight-paragraph Statement of Facts in the *Riverkeeper* Complaint is a virtual wholesale lifting of the facts alleged in the *McConnell* Complaint. *See Baker v. Voith Fabrics U.S. Sales, Inc.*, No. 07-003, 2007 WL 1549919, at *1 (E.D. Wash. May 24, 2007) ("While the claims are different than those brought in the prior action, the facts alleged in each complaint are nearly identical, as evidenced by the following side-by-side comparison of the Statement of Facts."). Re-alleging the same *McConnell* facts and

---

[3]  Even these allegations aren't so much "new" as they are attempts to recast *McConnell's* allegations about blooms of blue-green algae to fit Plaintiffs' new legal theory.

1  stating a new legal theory in the *Riverkeeper* Complaint is not stating a new "claim" for purposes
2  of res judicata, but rather amounts to improper claim-splitting.  *See id.*
3         The remaining "transaction test" criteria also weigh in favor of a finding that the
4  *Riverkeeper* suit arises out of the same transaction and is thus the "same" as the claims raised in
5  the *McConnell* case.  First, the "rights or interests" that will be established in the *McConnell* case
6  could "be destroyed or impaired" by prosecution of the *Riverkeeper* action.  PacifiCorp's
7  responsibility, or lack thereof, for allegedly causing or contributing to the blooms of blue-green
8  algae will be determined in *McConnell* and would again be determined in *Riverkeeper*.  *See*
9  *Costantini*, 681 F.2d at 1202.
10        Second, there can be no doubt that "substantially the same evidence" would be
11 presented in the *Riverkeeper* case and the *McConnell* case.  The evidence in both cases will focus
12 on expert opinion and analyses regarding the presence, causes and effects of blue-green algae in
13 the Klamath River.  As *McConnell* Plaintiffs explain:

> Whether *Microcystis aeruginosa* and microcystin toxin are pollutants causing environmental degradation that is harming Plaintiffs is the central factual issue in each case.  Thus, the Judge in each case will be presented with substantially similar information on these pollutants.  The Judge will be called upon to understand the scientific data and information related to *Microcystis aeruginosa* and microcystin toxin.  Further, the Judge will be called upon to evaluate the effects of *Microcystis aeruginosa* and microcystin toxin on both human health and the environment.  It would conserve judicial resources to have only one Judge hear the factual evidence that will be presented in these two cases.

20 RJN, Ex. 2 (*McConnell* Related Case Motion) at 2-3.  Moreover, "the factual issues are so
21 closely related that a factual determination in one case may conflict with a factual determination
22 in the second case."  *Id.* at 3.  While evidence related to the *McConnell* Plaintiffs' ownership
23 interests in land adjacent to the Klamath River and fishing practices may be at issue only in the
24 *McConnell* case, and there would undoubtedly be additional factual nuances injected by addition
25 of the RCRA claims, the bulk of evidence in both would relate to the presence, causes, and
26 effects of blue-green algae.
27        Third, in large part, the two suits involve "infringement of the same rights."  In
28 both suits, Plaintiffs allege that their (and the public's) right to a clean, healthy Klamath River

8

environment has been infringed by PacifiCorp's operation of the Project and seek to recover monetary and injunctive relief. While some *McConnell* Plaintiffs also allege infringement of their private property rights, the majority of the *McConnell* allegations focus on harm to the Klamath River environment, just as in the *Riverkeeper* case.

Moreover, the fact that the *McConnell* case states causes of action arising under state common law, and the *Riverkeeper* case states a cause of action arising under federal statutory law, does nothing to negate the fact that these two suits state the same "claim" arising out of the same transactional nucleus of facts for purposes of the res judicata and claim-splitting doctrines. *See, e.g.*, *Adams*, 487 F.3d at 691 (holding that second action stating claims pursuant to the federal Fair Credit Reporting Act and California Investigative Consumer Reporting Act was duplicative of earlier action stating claims in negligence and breach of contract); *Owens*, 244 F.3d at 715 (holding that an earlier suit raising state law claims based on wrongful termination and breach of contract barred a later suit under Title VII based on the same transactional nucleus of facts); *First Pac. Bancorp, Inc. v. Helfer*, 224 F.3d 1117 (9th Cir. 2000) (holding that an earlier private right of action under the Federal Deposit Insurance Act and state common law claims filed in a subsequent action arose from the same transactional nucleus of facts and thus the subsequent action was barred); *Davis v. Sun Oil Co.*, 148 F.3d 606 (6th Cir. 1998) (holding that action under RCRA citizen suit provision (42 U.S.C. § 6972(a)(1)(B)) was duplicative of and thus barred by earlier state court action alleging nuisance, breach of contract and fraud under Ohio res judicata law).

Simply put, "[d]ifferent theories supporting the same claim for relief must be brought in the initial action." *Mpoyo*, 430 F.3d at 988 (citations omitted); *see also Costantini*, 681 F.2d at 1202 (noting that "a mere change of legal theory does not imply a new cause of action"). Each of the four "transaction test" factors weigh in favor of a finding that the *Riverkeeper* suit is duplicative of the *McConnell* suit.

Finally, Plaintiffs seek "substantially the same relief in both actions": monetary damages (general and punitive) and injunctive relief in *McConnell* and civil penalties and injunctive relief in *Riverkeeper*. *See Adams*, 487 F.3d at 691. The civil penalties Plaintiffs seek

9

in the *Riverkeeper* case are "substantially the same" as the punitive damages sought in *McConnell*—both remedies serve to deter unlawful conduct. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Co.*, 528 U.S. 167, 186 (2000) (noting that civil penalties "encourage defendants to discontinue current violations and deter them from committing future ones"); *Neal v. Farmers Ins. Ex.*, 21 Cal. 3d 910, 928 n.13 ("The purpose of punitive damages is to punish wrongdoers and thereby deter the commission of wrongful acts."). In all, as *McConnell* Plaintiffs admit, the two suits "concern the same transaction or events." RJN, Ex. 2 (*McConnell* Related Case Motion) at 1.

### 2. The Parties Are Substantially The Same In The *McConnell* Complaint And The *Riverkeeper* Complaint.

Five of the eight *McConnell* Plaintiffs (Riverkeeper, McConnell, Hillman, Attebery, and Reis) brought the *Riverkeeper* case against the same defendant, PacifiCorp. It is not clear why *McConnell* Plaintiffs Hudson, Supahan and Myers chose not to join the *Riverkeeper* suit. Nonetheless, all of the interests in the *Riverkeeper* suit are fully represented in *McConnell*, and thus for claim-splitting purposes, as *McConnell* Plaintiffs admit, "[t]he actions have the same parties." RJN, Ex. 2 (*McConnell* Related Case Motion) at 1.

### B. The *Riverkeeper* Complaint Should Be Dismissed With Prejudice

The Court has no discretion in finding a violation of the claim-splitting rule, as *McConnell* Plaintiffs were "required to bring all of [their] claims against [PacifiCorp and its privies] arising from a single cause of action in one suit"; the Court's only discretion is in choosing a remedy. *See Adams*, 487 F.3d at 688. "District courts retain broad discretion to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Id.* (citations omitted). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Id.*

In *Adams*, Plaintiff Adams first filed a suit in state court alleging various state and federal legal theories related to employment retaliation against the California Department of

10

Health Services. *Id.* at 687.  Adams' suit was removed to federal court, and the district court issued a scheduling order setting March 26, 2004, as the deadline for filing motions to amend the complaint or add additional parties. *Id.*  Next, on July 1, 2004, "well past the March 26, 2004 deadline set in the scheduling order," Adams filed a motion for leave to amend her complaint to add additional defendants and claims. *Id.*  Adams' motion was denied for failure to demonstrate good cause for undue delay in seeking leave to amend. *Id.*  Seeking to get around that ruling, on September 2, 2004, "after the district court denied her motion for leave to amend in the first case," Adams filed her amendments as a complaint in a second case in the same court. *Id.*  The district court, weighing the equities of the case, dismissed with prejudice Adams' second suit as duplicative of her first. *Id.* at 687-88.

The Ninth Circuit affirmed, finding that the district court did not abuse its discretion in dismissing the duplicative suit with prejudice, and noting that "[d]ismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation.  In dismissing the duplicative suit with prejudice, <u>the district court acted to protect the parties from vexatious and expensive litigation and to serve the societal interest in bringing an end to disputes</u>." *Id.* at 692-93 (emphasis added) (citations omitted).

The equities of this case are nearly identical to those in *Adams*:  As in *Adams*, Plaintiffs had knowledge of the factual basis for the *Riverkeeper* suit when they filed *McConnell*.  However, five of the *McConnell* Plaintiffs, "in an attempt to avoid the consequences of [their] own delay" and to circumvent the long-passed deadline set by the *McConnell* CMO for seeking leave to amend, are now attempting to bring a separate suit for their *Riverkeeper* claim. *Id.* at 688.  While the plaintiff in *Adams* first sought leave to amend in their first suit before filing a second, duplicative suit, Plaintiffs here, after missing the Court's deadline for pleading amendments under the more liberal standard of FRCP 15, did not even attempt to seek amendment of their *McConnell* Complaint under the "good cause" standard of FRCP 16.  Thus, *McConnell* Plaintiffs are even less diligent than the *Adams* plaintiff, and the Court should not hesitate to dismiss the *Riverkeeper* suit with prejudice.

11

1          Moreover, efficient case management counsels dismissal. In *McConnell*, the Court's CMO set a deadline for requests to expand the scope of the *McConnell* case that meshed with other case management deadlines leading to trial beginning on December 1, 2008. To expand the *McConnell* case now, almost three months after the CMO's deadline, would force at least PacifiCorp to promulgate additional written discovery and delay depositions to ensure coverage of Plaintiffs' belated RCRA claim. Plaintiffs' unwarranted delay should not impose additional costs on PacifiCorp or threaten *McConnell*'s existing case management schedule.

         Thus, PacifiCorp respectfully submits that dismissal with prejudice is proper in this case, as it was in *Adams*. If the Court is nonetheless not inclined to dismiss the *Riverkeeper* Complaint outright, it should at least dismiss it without prejudice, so that Plaintiffs may (if they choose) file a proper motion for leave to amend their complaint in *McConnell* to add their RCRA claims. The other two options identified in *Adams*—a stay or consolidation—are inappropriate here: A stay would only compound the inefficiency Plaintiffs have caused. And where a Court has laid out a clear and orderly process for closing the pleadings—as this Court did in the *McConnell* CMO—it would be singularly inappropriate to simply cast that framework aside by consolidating a separate case that was transparently filed as a separate action to avoid that very framework. A dismissal without prejudice would at least vindicate the process established in the *McConnell* CMO, and (if the Plaintiffs so choose) allow the parties to address under FRCP 16 whether there is any excuse for Plaintiffs' delay in asserting their RCRA claims.

Dated: December 20, 2007

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/
    Richard W. Raushenbush

Attorneys for Defendant PACIFICORP

SF\636810.4

12