DANIEL G. COOPER
  (Cal. SBN 153576; cleanwater@sfo.com)
**LAWYERS FOR CLEAN WATER, INC.**
1004-A O'Reilly Avenue
San Francisco, CA 94129
Telephone: (415) 440-6520
Facsimile: (415) 440-4155

JOSEPH W. COTCHETT
  (Cal. SBN 36324; jcotchett@cpmlegal.com)
PHILIP L. GREGORY
  (Cal. SBN 95217; pgregory@cpmlegal.com)
NANCI E. NISHIMURA
  (Cal. SBN 152621; nnishimura@cpmlegal.com)
JOSEPH C. WILSON
  (Cal. SBN 249027; jwilson@cpmlegal.com)
**COTCHETT, PITRE & McCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

ROBERT F. KENNEDY, JR.
  (*Pro Hac Vice*; mpostman@law.pace.edu)
KEVIN J. MADONNA
  (*Pro Hac Vice*; kmadonna@kennedymadonna.com)
**KENNEDY & MADONNA, LLP**
48 Dewitt Mills Road
Hurley, NY 12443
Telephone: (845) 331-7514
Facsimile: (845) 331-7578

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KLAMATH RIVERKEEPER**, a nonprofit public benefit corporation; **HOWARD McCONNELL**; **LEAF G. HILLMAN**; **ROBERT ATTEBERY**; and **BLYTHE REIS**; <br><br> Plaintiffs. <br><br> vs. <br><br> **PACIFICORP, INC.**, an Oregon Corporation; <br><br> Defendant. | Case No. CV 07-06199 WHA <br><br> **PLAINTIFFS' OPPOSITION TO PACIFICORP'S MOTION TO DISMISS** <br><br> Date:     February 14, 2008 <br> Time:     8:00 a.m. <br> Location: Courtroom 9, 19th Floor |

# TABLE OF CONTENTS

I.    INTRODUCTION...................................................................................1

II.   STATEMENT OF FACTS.......................................................................1

III.  LEGAL BACKGROUND.........................................................................2

      A.    FAILURE TO STATE A CLAIM..................................................2

      B.    "CLAIM SPLITTING"................................................................2

      C.    THIS COURT RETAINS DISCRETION TO CONTROL ITS
            DOCKET....................................................................................4

IV.   ISSUES TO BE DECIDED......................................................................4

V.    ARGUMENT.........................................................................................4

      A.    THE RCRA ACTION IS NOT DUPLICATIVE OF THE
            NUISANCE ACTION..................................................................4

            1.    The Remedy Sought in the RCRA Action is Entirely Different Than That
                  in the Nuisance Action.....................................................5

                  a.    The Causes of Action Are Not Identical...................................6

                        i.    The Evidence Required To Prove RCRA Claims Is
                              Substantially Different from State Claims.......................7

                        ii.   PacifiCorp Will Not Have Rights or Interests
                              Destroyed..........................................................7

                        iii.  The RCRA and Nuisance Action Do Not Involve Infringement
                              of the Same Right .................................................8

            2.    There Is No Demonstrated Prejudice to PacifiCorp From the RCRA
                  Action..............................................................................8

VI.   CONCLUSION.......................................................................................9

# TABLE OF AUTHORITIES

**CASES:**                                                                     **Page(s)**

*Abramson v. University of Hawaii,*
    594 F.2d 202 (9th Cir. 1979)..................................................................3

*Adams v. Cal. Dep't of Health Servs.,*
    487 F.3d 684 (9th Cir. 2007)..................................................2, 3, 4, 6, 7, 8, 9

*California v. FERC,*
    495 U.S. 490 (1990)..............................................................................5

*C.D. Anderson & Co. v. Lemos,*
    832 F.2d 1097 (9th Cir. 1987)............................................................3, 8

*Conley v. Gibson,*
    355 U.S. 41, 45-46 (1957)........................................................................2

*Costantini v. Trans World Airlines,*
    681 F.2d 1199 (9th Cir. 1982)............................................................3, 8

*Davis v. Sun Oil Co.,*
    148 F.3d 606 (6th Circuit, 1998).........................................................7, 8

*De La Cruz v. Tormey,*
    582 F.2d 45 (9th Cir. 1978)......................................................................2

*Derish v. San-Mateo-Burlingame Bd. of Realtors,*
    724 F.2d 1347 (9th Cir. 1983)............................................................3, 8

*First Pacific Bancorp, Inc. v. Helfer,*
    224 F.3d 1117 (9th Cir. 2000)............................................................3, 8

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,*
    528 U.S. 167 (2000) .............................................................................7

*International Union v. Kerr,*
    994 F.2d 1426 (9th Cir. 1993)............................................................3, 8

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992)..............................................................................7

*Mpoyo v. Litton Electro-Optical Systems,*
    430 F.3d 985 (9th Cir. 2005)..............................................................3, 8

*Sanders v. Kennedy,*
    794 F.2d 478 (9th Cir. 1986)....................................................................2

*The Haytian Republic*,
    154 U.S. 118 (1894)................................................................................2

**STATUES AND RULES:**

16 U.S.C. § 803(c)........................................................................................1

28 U.S.C. §1332..........................................................................................7

42 U.S.C. §§ 6901 *et seq.* ............................................................................2

42 U.S.C. § 6903(27) ..................................................................................7

42 U.S.C. § 6928(a) .....................................................................................5

42 U.S.C. § 6972(a) .....................................................................................5

42 U.S.C. § 6972(a)(1)(B) ...........................................................................7

42 U.S.C. § 6972(e). ....................................................................................5

42 U.S.C. § 6972(g). ....................................................................................5


Fed. R. Civ. P. 12(b)(6)................................................................................2

## I.    INTRODUCTION

Plaintiffs Riverkeeper and four of its individual members hereby oppose defendant PacifiCorp's motion to dismiss the complaint in this action.  In arguing that Plaintiffs' second filed action is "claim splitting," PacifiCorp mischaracterizes the relief sought in each of Plaintiffs' actions, fails to acknowledge this Court's Order issued in response to PacifiCorp's *own earlier motion to dismiss,* and misapplies the standard set forth by the Ninth Circuit for determining if a claim is duplicative.  For each of these reasons, PacifiCorp's Motion to Dismiss Duplicative Suit ("Motion to Dismiss") must be denied.

## II.    STATEMENT OF FACTS

On 2 May 2007, Howard McConnell, Leaf G. Hillman, Robert Attebery, Frankie Joe Myers, Terance J. Supahan, Michael T. Hudson, Blythe Reis, and Klamath Riverkeeper filed a complaint, *McConnell et al. v. PacifiCorp, Inc.,* Case No. 07-cv-02382 WHA, against PacifiCorp for private and public nuisance, trespass, negligence, and unlawful business practices (hereinafter "Nuisance Action").  On 7 July 2007, PacifiCorp moved to dismiss the Nuisance Action.  *See* Nuisance Action, Docket No. 15.  On 17 August 2007, the Court granted in part and denied in part PacifiCorp's motion to dismiss.  *See* Order Granting in Part and Denying in Part Motion to Dismiss or for Judgment on the Pleadings and Denying Motion to Stay ("Partial Dismissal Order"), Motion to Dismiss, Exhibit 5; Nuisance Action, Docket Entry No. 49.  The Court determined that the Federal Powers Act preempts Plaintiffs' state law claims for injunctive relief, but denied PacifiCorp's request to dismiss the entire action because "Congress preserved state-law damage remedies under 16 U.S.C. § 803(c)."  *See* Partial Dismissal Order, pp. 3:11-8:7 & pp. 8:9-10:6.[1]

On December 6, 2007, Klamath Riverkeeper and four of its members, Howard McConnell, Leaf G. Hillman, Robert Attebery, and Blythe Reis, filed  the instant complaint, *Riverkeeper et al. v.*

---

[1] Plaintiff Riverkeeper respectfully disagrees with the Court's ruling holding that the Federal Powers Act preempts state law claims.  Riverkeeper reserves its right to challenge this element of the Court's ruling on appeal.

1    *PacifiCorp. Inc.*, Case No. C-07-06199 WHA. against PacifiCorp for violations of the Federal Solid

2    Waste Disposal Act, 42 U.S.C. §§ 6901 *et seq.* ("RCRA") (hereinafter "RCRA Action").  On

3    December 20, 2007, PacifiCorp moved to dismiss alleging that the RCRA Action is duplicative of the

4    Nuisance Action.[2]

5    **III.   LEGAL BACKGROUND**

6        **A.   FAILURE TO STATE A CLAIM**

7        PacifiCorp brought its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state

8    a claim upon which relief can be granted, or other relief the Court deems appropriate.  *See* Motion to

9    Dismiss. p. 5:11-13.  A court should deny a motion to dismiss unless it appears "beyond a doubt that a

10   plaintiff can show no set of facts supporting his or her claim." *Conley v. Gibson*, 355 U.S. 41, 45-46

11   (1957); *see also De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  The complaint must be

12   construed in the light most favorable to the plaintiffs in the RCRA Action and all material allegations

13   in the complaint are taken to be true.  *See Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).

14       **B.   "CLAIM SPLITTING"**

15       Plaintiffs generally have "no right to maintain two separate actions involving the same subject

16   matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dep't of*

17   *Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007).  Lawsuits are duplicative if (1) the causes of action

18   *and* the relief's sought are identical, and (2) the parties or privies to the action are the same.  *See Id.* at

19   688-89, quoting from *The Haytian Republic*, 154 U.S. 118, 124 (1894) ("There must be the same

20   parties, or, at least, such as represent the same interests; there must be the same rights asserted and *the*

21   *same relief prayed for*; the relief must be founded upon the same facts, and the… essential basis, of the

22   relief sought must be the  same.") (emphasis added).

23       Claims for relief are identical if: (1) rights or interests established in the first judgment would be

24   destroyed or impaired by prosecution of the second action; (2) if substantially the same evidence is

25

26   ─────────────

27   [2] While it is not a part of the standard for determining if a later filed action is duplicative, during oral argument counsel for
     Riverkeeper is prepared to provide the background on the decision to file a new action rather than amending the Nuisance
     Action if the Court so requests.

28

presented in the two actions; (3) if the two suits involve infringement of the same right; and (4) if the two suits arise out of the same transactional nucleus of facts. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007). While the fourth factor is considered the most important, it is not the only factor. *Adams*, at 689-692. Identity of causes of action "cannot be determined precisely by mechanistic application of a simple test." *Abramson v. University of Hawaii*, 594 F.2d 202, 206 (9th Cir. 1979).

Where the prejudice to the defendant is not present or is diminished, the 9th Circuit has reviewed each of the four factors. *See Adams*, 487 F.3d at 690-91 (Prejudice was minimal because the second case was filed while the first case was active and the Court looked to all four factors to determine if the cases involve the same causes of action); *Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985 (9th Cir. 2005) (Following review of all four factors, the Court found the fourth factor controlled, even though the second and third factors were not present, because plaintiff's new action alleged same claims that were already denied in the first action).

The 9th Circuit has relied upon the fourth factor alone in deciding cases where it appears that prejudice will be suffered by the defendant if the second action is allowed to proceed, and equity requires dismissal of the second action. *See Adams*, 487 F.3d at 688. Examples include actions in which a final judgment was entered in the first case or a substantial period elapsed before filing the second action, resulting in clear prejudice to defendant. *See e.g., C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987) (Plaintiff's second case was dismissed following submittal of the first action to arbitration and a determination of award settling all claims in favor of defendant); *International Union v. Kerr*, 994 F.2d 1426, 1429-30 (9th Cir. 1993) (Plaintiff filed its third complaint, following settlement of two prior actions regarding the same occurrence, which clearly prejudiced defendant); *Derish v. San-Mateo-Burlingame Bd. of Realtors*, 724 F.2d 1347 (9th Cir. 1983) (State Court dismissed action whereupon plaintiff filed the exact same action in Federal Court); *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (Initial suit filed in 1974 dismissed with prejudice, second suit filed in 1975 and judgment entered in 1977 against plaintiff, final action filed in 1980 dismissed based on 4th prong of transaction test); *First Pacific Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1128 (9th Cir. 2000) (Court based its decision on only the fourth factor and dismissed the

second action while the first was on appeal because the second action alleged identical State law claims as in the first action).

### C.    THIS COURT RETAINS DISCRETION TO CONTROL ITS DOCKET

The Court has wide discretion to control its docket. *See Adams*, 487 F.3d at 688 (citations omitted). If the Court determines that claim splitting occurred, it may determine that equity requires consolidation of the cases, to stay the second action pending resolution of the first filed action, to dismiss the second filed action, or enjoin the parties from proceeding with the second action. *Id.*

## IV.    ISSUES TO BE DECIDED

Whether the claims in a RCRA action alleging violations of a Federal environmental statute are duplicative of the State law claims in a nuisance action alleging public and private nuisance, trespass, negligence, and unlawful business practices given that the separate actions provide for different remedies, and will require different evidentiary inquiries, that the second action will not impair PacifiCorp's rights in the first action, and PacifiCorp has not demonstrated any prejudice resulting from the second action.

## V.    ARGUMENT

### A.    THE RCRA ACTION IS NOT DUPLICATIVE OF THE NUISANCE ACTION

In evaluating whether a later filed action is duplicative, the Court should examine if the claims for relief *and* the relief sought are the same—and in determining if the causes of action are the identical, the Court goes through a four part test, of which the "same nucleus of facts" question is only one element. *See Adams*, 487 F.3d at 689-692. As noted in Plaintiffs' Administrative Motion to Consider Whether Cases Should be Related ("Notice of Related Cases"), the transactional facts in the Nuisance Action and the RCRA Action are substantially similar. Motion to Dismiss, Exhibit 2, p. 1:14-2:25; *see also* Nuisance Action, Docket No. 60. It also is true that in both actions it is PacifiCorp's operation of the Copco and Iron Gate dams that is causing the violations of law. However, the inquiry as to whether the second action is duplicative does not stop with that determination. *See Adams*, 487 F.3d at 689-91. Because the remedy sought by Plaintiffs in the RCRA Action is entirely different from that available in the Nuisance Action, and because the causes of

---

action in the RCRA case are not the same, the RCRA Action is not duplicative of the Nuisance Action, and should not be dismissed as "claim splitting."

1.    **The Remedy Sought in the RCRA Action is Entirely Different From That in the Nuisance Action**

RCRA provides for both injunctive relief, and for civil penalties, in citizen suits enforcing for violations of the Act. 42 U.S.C. § 6972(a); 6928(a) and (g). Thus, the Court has authority under RCRA to order an abatement of any activity causing the imminent and substantial endangerment to human health and the environment. *Id.* Further, RCRA expressly provides for the award of reasonable attorneys' fees and costs incurred to a prevailing citizen enforcer—no small matter to a grass roots environmental organization such as Plaintiff Riverkeeper and its members. 42 U.S.C. § 6972(e). Plaintiffs' RCRA complaint seeks each of these remedies. *See* RCRA Complaint, pp. 19-21.

The complaint in the Nuisance Action, filed in May of 2007, sought injunctive relief in the form of abatement of the activity causing the nuisance. Motion to Dismiss, Exhibit 2, pp. 30-34. In July of 2007, PacifiCorp moved to dismiss or to stay the Nuisance Action. Nuisance Action, Docket Entry No. 15. On 17 August 2007, this Court granted in part and denied in part PacifiCorp's motion. Motion to Dismiss, Exhibit 5; Nuisance Action, Docket Entry No. 15. Ruling that a "request for injunctive relief...grounded in state law" seeking to alter the operation of the dams is inconsistent with the Federal Power Act, the Court dismissed the claims for injunctive relief in the Nuisance Action. Motion to Dismiss, Exhibit 5, p. 7. Thus, injunctive relief is not an available remedy to Plaintiffs in the Nuisance Action. *Id.*

Plaintiffs' decision to bring the separate RCRA Action was based in large measure on the availability of injunctive relief under RCRA. As noted by the Court in its Partial Dismissal Order, the Federal Power Act established a comprehensive Federal regime, with only limited reservation of *State* authority. Motion to Dismiss, Exhibit 5, p. 5, citing to *California v. FERC*, 495 U.S. 490 (1990). As Federal law, RCRA and its remedies are not preempted by the Federal Power Act, nor are they affected by the Partial Dismissal Order. The spiritual and cultural value of a healthy Klamath River to the Native American plaintiffs in the RCRA Action is not something that can readily be reduced to a dollar value. Similarly, the aesthetic, environmental, and recreational value of a restored fishery and

1     clean water to Riverkeeper's other members can only roughly be given a monetary equivalent. Thus, a

2     central remedy sought by Riverkeeper and its members is that PacifiCorp change it operations of the

3     Copco and Iron Gate dams so that the contamination of the reservoirs and the Klamath River will stop.

4     The availability of injunctive relief, combined with the availability of penalties and fees and costs, as

5     well as original jurisdiction in the District Court, led Plaintiffs to file the RCRA Action. It is the

6     availability of injunctive relief—specifically not possible in the Nuisance Action—that makes the

7     RCRA Action non duplicative of the Nuisance Action.

8        In its Motion to Dismiss, PacifiCorp asserts that Plaintiffs seek injunctive relief in both the

9     RCRA and Nuisance actions—an assertion that PacifiCorp knows to be erroneous. Motion to Dismiss

10    at p. 9. As PacifiCorp is well aware, in response to PacifiCorp's own motion the Court dismissed

11    injunctive relief claims in the Nuisance Action. Remarkably, PacifiCorp attached the order

12    eliminating these remedies to it Motion to Dismiss. Given that the Motion to Dismiss resulted in the

13    bar on injunctive relief claims in the Nuisance Action, and given further that PacifiCorp *attached as an*

14    *exhibit* to the Motion to Dismiss the Order dismissing the injunctive relief claims, PacifiCorp's

15    mischaracterization of the relief available to Plaintiffs in the Nuisance Action can hardly be an

16    oversight.

17       The RCRA Action provides Plaintiffs with a remedy—injunctive relief—which is expressly

18    unavailable in the Nuisance Action, and which is central to addressing the harms complained of in the

19    RCRA complaint. As such, the RCRA Action is not duplicative, and should not be dismissed.

20               a.     **The Causes of Action Are Not Identical**

21       PacifiCorp argues that the causes of action in the RCRA Action and the Nuisance Action are the

22    same, based primarily on their common nucleus of facts. Motion to Dismiss, pp. 6-10. Absent clear

23    prejudice to the defendant, the Court's analysis to determine whether the causes of action are identical

24    does not stop with the common operative fact element. *See Adams,* 487 F.3d 690-91. Three other

25    analyses are required, and all three demonstrate that the causes of action in the two cases are not

26    identical. *Id.*

27    ///

28    ///

1

2

          i.     **The Evidence Required To Prove RCRA Claims Is Substantially Different from State Claims**

3

4    First, the Court must inquire as to whether substantially the same evidence will be presented in

5    the two actions. *Adams,* 487 F.3d 684, 689. While there will be overlapping evidence in the RCRA

6    and Nuisance Actions relating to concentration, volume, and discharge locations of the *microcystin*

7    algae and the associated toxin, as well as impacts to human health and the environment from those

8    discharges, the evidence required to prove the State law and Federal Claims is significantly different.

9    As noted in *Davis v. Sun Oil Co.,* 148 F.3d 606, 610 (6th Circuit, 1998) a determination that a

10   defendant has violated state law in discharging contaminants is not in itself adequate to establish

11   imminent and substantial endangerment for purposes of RCRA. Establishing violations of RCRA

12   requires unique showings, such as whether the *microcystin* algae and toxin are solid waste as defined

13   by RCRA, 42 U.S.C. § 6903(27), and whether PacifiCorp is contributing to the handling, storage,

14   treatment, transportation, or disposal of that solid waste. 42 U.S.C. §6972(a)(1)(B). Further, the

15   evidence required to establish the Court's jurisdiction is distinct in each case. To be heard in Federal

16   Court, Plaintiffs in the Nuisance Action must demonstrate diversity jurisdiction, including $75,000 in

17   damages for each plaintiff resulting from PacifiCorp's creation of the nuisance. 28 U.S.C. §1332. In

18   contrast, Plaintiffs in the RCRA Action must demonstrate Article III standing to bring a RCRA citizen

19   enforcement action. At least one member of Riverkeeper must suffer injury in fact caused by

20   PacifiCorp which will be redressed by the RCRA action, which can include loss of aesthetic

21   enjoyment. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180-81

22   (2000) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992)); *see also Maine People's*

23   *Alliance v. Mallinckrodt, Inc.,* 471 F.3d 277, 283 (1st Cir. 2006) ("There is nothing in RCRA's text or

24   history that suggests a congressional intent to erect statutory standing barriers beyond those imposed

25   by Article III of the Constitution."). In sum, while there is overlap, the standards for each claim are

26   significantly different, and so is the corresponding evidentiary showing.

          ii.     **PacifiCorp Will Not Have Rights or Interests Destroyed**

27   The Court must examine whether the rights or interests established in a judgment in the prior

28   filed action would be destroyed or impaired by the prosecution of the second action. *See Adams,* 487

---

F.3d 690-91. Again, a ruling that PacifiCorp has created a nuisance will not establish imminent and substantial endangerment for purposes of RCRA, and vice versa. *Davis v. Sun Oil Co.*, 148 F.3d 606, 610. Further, given that the Nuisance Action seeks only damages, not equitable relief, while the RCRA Action seeks injunctive relief, a ruling on the injunctive relief element of the RCRA Action will have <u>no impact</u> on the Nuisance Action. Additionally, while there may be some overlap between punitive damages claims and civil penalties, since both actions are in early stages of litigation and are before the same judge, any conflicts can be readily resolved.

iii.    **The RCRA and Nuisance Action Do Not Involve Infringement of the Same Right**

The Court must review whether the two suits involve infringement of the same right. *Adams* at 689. Clearly, the Nuisance Action, involving the creation of a nuisance under state law, and the RCRA Action, alleging violations of the Federal Statute regulating the handling, treatment, storage, and disposal of solid and hazardous waste, do not involve infringement of the same right. PacifiCorp asserts that the plaintiffs in each cases' interest in a "healthy river" is the right infringed. Motion to Dismiss, pp. 8-9. PacifiCorp's reductionist argument would mean that any enforcement action under any Federal environmental statute brought by Plaintiffs against PacifiCorp in the future would be barred by the Nuisance Action—a result clearly contrary to law.

2.    **There Is No Demonstrated Prejudice to PacifiCorp From the RCRA Action**

In arguing that the Court need only look to the common operative facts in the Nuisance and RCRA Actions—a commonality acknowledged by all the parties—PacifiCorp fails to note that, in almost every case where the 9th Circuit has dismissed a later filed action based only on the same nucleus of facts element, equity demanded dismissal because defendant would suffer <u>significant prejudice</u> if the second action was allowed. *See C.D. Anderson & Co.*, 832 F.2d 1097; *International Union*, 994 F.2d 1426; *Derish*, 724 F.2d 1347; *Costantini*, 681 F.2d 1199; *First Pacific Bancorp, Inc.*, 224 F.3d 1117. This significant prejudice typically results from the long time span between the filing of the first and second actions, or that the second action contains identical causes of action previously dismissed or denied in the first action. *See id.; see also Adams*, 487 F.3d 684; *Mpoyo*, 430 F.3d 985. PacifiCorp has not, and cannot, assert any prejudice of this kind in allowing the RCRA Action to

proceed, because the Nuisance Action is in still in the very early stages. The parties are conducting written discovery, no depositions have been taken, and no motions have been noticed in the Nuisance Action. Fact discovery does not close until 25 July 2008, and expert reports are also due on that date. Exhibit 4 to Motion to Dismiss, pp. 1-2. Without demonstrating prejudice, PacifiCorp must establish the other three elements common to both actions to demonstrate that the causes of action are identical: (1) the same evidence in each action; (2) the rights established in first action will be impaired by second action; and (3) the same right infringed in both actions. As set forth above, this PacifiCorp has not and cannot do.

Similarly, PacifiCorp has shown no prejudice to the Court's docket or judicial economy in letting the RCRA Action proceed as a consolidated action. While certainly the Court retains broad discretion to control its docket, *Adams* at 688 (string citation omitted), even where it is found to be duplicative, dismissal of a later filed action is not mandatory as PacifiCorp asserts. Motion to Dismiss at 10. "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Id.* Given the early stages of both actions, if this Court finds that the RCRA Action is duplicative, it should consolidate the actions, not dismiss the RCRA Action.

## VI.    CONCLUSION

Misstating the standard applied by the Ninth Circuit, and failing to disclose the results of its own motion that fatally undermines its argument, PacifiCorp attempts to avoid reaching the merits on its violations of the Federal Solid Waste statute. Application of the appropriate criteria to the facts of Plaintiffs' actions prevents this result. PacifiCorp's motion to dismiss must be denied, and the RCRA Action allowed to proceed, or at most the RCRA and Nuisance Action should be consolidated.

Date:   24 January 2007            Respectfully Submitted,

/s/ Daniel Cooper

Daniel Cooper
Michael Chappell
Attorney for Plaintiffs