DANIEL G. COOPER
  (Cal. SBN 153576; cleanwater@sfo.com)
**LAWYERS FOR CLEAN WATER, INC.**
1004-A O'Reilly Avenue
San Francisco, CA 94129
Telephone:  (415) 440-6520
Facsimile:  (415) 440-4155

JOSEPH W. COTCHETT
  (Cal. SBN 36324; jcotchett@cpmlegal.com)
PHILIP L. GREGORY
  (Cal. SBN 95217; pgregory@cpmlegal.com)
NANCI E. NISHIMURA
  (Cal. SBN 152621; nnishimura@cpmlegal.com)
JOSEPH C. WILSON
  (Cal. SBN 249027; jwilson@cpmlegal.com)
**COTCHETT, PITRE & McCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577

ROBERT F. KENNEDY, JR.
  (*Pro Hac Vice*; mpostman@law.pace.edu)
KEVIN J. MADONNA
  (*Pro Hac Vice*; kmadonna@kennedymadonna.com)
**KENNEDY & MADONNA, LLP**
48 Dewitt Mills Road
Hurley, NY 12443
Telephone: (845) 331-7514
Facsimile: (845) 331-7578

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KLAMATH RIVERKEEPER**, a nonprofit public benefit corporation; **HOWARD McCONNELL**; **LEAF G. HILLMAN**; **ROBERT ATTEBERY;** and **BLYTHE REIS**; | Case No. CV 07-06199 WHA |
| | ADMINISTRATIVE MOTION FOR CLARIFICATION OF ORDER |
| Plaintiffs, | |
| vs. | Civil L.R. 7-11 |
| **PACIFICORP, INC.**, an Oregon Corporation; | Judge: Honorable William H. Alsup Department:  Courtroom 9, 19th Floor |
| Defendant. | |

Plaintiffs hereby move this Court pursuant to Civil L.R. 7-11 for clarification of the Order Provisionally Consolidating Related Cases and Denying Defendant's Motion to Dismiss Duplicative Suit ("Order").  Defendants were asked to stipulate to this request for clarification, but declined to do so. Declaration of Daniel Cooper ("Cooper Dec."), ¶ 7.

**Request for Clarification**

On 22 February 2008, this Court provisionally consolidated the two related actions, C 07-02382 WHA and C 07-06199 WHA, and denied Defendant's motion to dismiss.  The Court conditioned the consolidation and denial of Defendant's motion on a requirement that by 29 February 2008,  "all plaintiffs' counsel sign and file a written undertaking to be jointly and severally responsible for all such incremental costs and fees attributable to the delay" of two and one half months between the date set in the case management order for amending the complaint (September 27, 2007), and the date the second action was filed (December 6, 2007).  Order, p. 8.

While the Order states that the expenses would be only for the incremental increase in costs and fees resulting from two and one half months' delay, Plaintiffs and Defendant have very different understandings of what those costs and fees might include.  Cooper Dec., ¶¶ 5-6.  For example, the parties disagree as to whether fees for Defendant's Motion to Dismiss that resulted in the Order would be considered as part of this incremental increase.  *Id.*  Similarly, given that discovery is in its early stages, Plaintiffs contemplate very limited incremental cost increases, if any, relating to discovery, while Defendant takes a more expansive view.  *Id.* at ¶ 6.  While Plaintiffs acknowledge that the Order states that an accounting of those incremental fees and costs shall be conducted at the end of the action, Plaintiffs request clarification of the methodology that would be applied to that accounting.

Plaintiffs respectfully request that the Court clarify its Order to define what the term "incremental increase" in fees and costs encompasses, so that the undertaking to be executed can be accurately drafted, and so that Plaintiffs' counsel can clearly understand the scope of the undertaking.

Respectfully submitted,

Dated:   27 February 2008

_____/s/_____

Daniel Cooper
Attorney for Plaintiffs