1  LATHAM & WATKINS LLP
     Karl S. Lytz (Bar No. 110895)
2    Richard W. Raushenbush (Bar No. 134983)
     Benjamin J. Horwich (Bar No. 249090)
3  505 Montgomery Street, Suite 2000
   San Francisco, California 94111-2562
4  Telephone: (415) 391-0600
   Facsimile: (415) 395-8095
5  Email:
       Karl.Lytz@lw.com
6      Richard.Raushenbush@lw.com
       Benjamin.Horwich@lw.com
7
   Attorneys for Defendant
8  PACIFICORP, an Oregon Corporation

9                   **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11

12 | **KLAMATH RIVERKEEPER,** a nonprofit public benefit corporation; **HOWARD McCONNELL**; **LEAF G. HILLMAN**; **ROBERT ATTEBERY**; and **BLYTHE REIS**; | CASE NO.: C 07-06199 WHA |

   Plaintiffs,

   v.

   **PACIFICORP, INC.**, an Oregon Corporation;

   Defendant.

   **DEFENDANT PACIFICORP'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR CLARIFICATION**

   No hearing noticed

   Judge: Hon. William H. Alsup

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Defendant's Opposition to Plaintiffs'
Administrative Motion for Clarification
Case No. C 07-06199 WHA

1  Defendant PacifiCorp opposes Plaintiffs' Administrative Motion for Clarification.
2  Defendants believe the Court's Order is already clear, so no clarification is necessary. Indeed,
3  the "clarification" that Plaintiffs seek is really just a complaint about the timeline the Court set
4  for accounting for PacifiCorp's incremental costs and fees—Plaintiffs' counsel might like to
5  know their particular exposure now, but the Court has already ordered that any accounting will
6  happen at the end of the case. That timeline makes sense because much of the incremental work
7  PacifiCorp may need to perform as a result of Plaintiffs' counsel's delay, and hence the amount
8  of Plaintiffs' counsel's liability, will turn on events yet to come in this litigation. Therefore,
9  there is no further clarification the Court can offer right now.

## ARGUMENT

11  The Court was at pains in its original Order to describe the "reasonable defense
12  costs and fees attributable to the delay" for which Plaintiffs' counsel will be liable if they
13  proceed with *Riverkeeper*. In its Order, the Court described those costs and fees as "attributable
14  to the delay," as "incremental," and as "by reason of the two-and-a-half month delay." Order at
15  8. The Court has said the same thing three times; it is difficult to see what clarification it could
16  offer. The test is a simple one: Plaintiffs' counsel will be responsible for all fees and costs that
17  PacifiCorp would not have incurred **but for** the delayed filing of the separate *Riverkeeper* suit.
18  That "but for" question is a factual question that will depend on the nature of the
19  work PacifiCorp's counsel has done so far to respond to the *McConnell* litigation, and the work
20  they may do in the future to respond to the *Riverkeeper* litigation. Because that accounting
21  depends in part on future events, many within the control of Plaintiffs' counsel, the Court quite
22  sensibly ordered that "[t]he accounting for such costs and fees shall be at the end of the case."
23  *Id.* That timing is, at bottom, what bothers Plaintiffs—the "clarification" they seek is actually an
24  advance ruling on what the specific costs and fees are going to be (Will they include
25  PacifiCorp's fees and costs in bringing the motion to dismiss *Riverkeeper* as duplicative? What
26  about new discovery propounded by PacifiCorp that could have less expensively been
27  incorporated in past discovery? What about responses to new discovery propounded by
28  Plaintiffs that partly overlap with old discovery, but partly are new, and requires re-interviewing

1

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Defendant's Opposition to Plaintiffs'
Administrative Motion for Clarification
Case No. C 07-06199 WHA

1   witnesses and document custodians?).  Many of these questions are impossible to answer without
2   knowing what specific work PacifiCorp's attorneys ultimately will be required to do, and how it
3   relates to work they did before the Court's ruling.  There can be no clarity on those questions
4   until the work is actually performed, so there is nothing for the Court to clarify now.

5   One area of work, however, can be addressed now.  But for Plaintiffs' counsel's
6   admitted failure to timely assert the RCRA claim, PacifiCorp would not have been faced with
7   duplicative suits and moved to dismiss the *Riverkeeper* action.  Nonetheless, Plaintiffs' counsel
8   seek "clarification" that they would not be liable for PacifiCorp's fees and costs in bringing the
9   motion to dismiss the duplicative *Riverkeeper* action.  This simply does not fit the logic of the
10  Court's Order:  If any work was indisputably caused by Plaintiffs' delay, it was the motion
11  raising that very delay as a basis to dismiss the suit!  In a hypothetical world where Plaintiffs did
12  not inexcusably miss the *McConnell* Case Management Order's deadline to amend, PacifiCorp's
13  motion to dismiss never would have been written or even contemplated.  If Plaintiffs had timely
14  sought to amend their *McConnell* complaint, in all likelihood PacifiCorp would have stipulated
15  to the filing of a properly drafted amended complaint—work that would have taken scarcely any
16  time at all.  The "incremental costs and fees" measured by the difference between those two
17  scenarios works out to be PacifiCorp's costs and fees of bringing the motion to dismiss, minus
18  the trivial fees PacifiCorp would have incurred in evaluating an amended *McConnell* complaint,
19  and stipulating to its timely filing.  That amount falls within the measure of "incremental" costs
20  and fees, and under the Court's Order, Plaintiffs' counsel should be liable for those costs and
21  fees if they proceed with *Riverkeeper*.

22                                              * * *

23          Plaintiffs Motion for Clarification should be denied.

24  Dated:  February 27, 2008                         Respectfully submitted,

25                                                   LATHAM & WATKINS LLP

26

27                                                   By:_____/s/_____
                                                        Benjamin J. Horwich
28                                                      Attorneys for Defendant PACIFICORP

                                              2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Defendant's Opposition to Plaintiffs'
Administrative Motion for Clarification
Case No. C 07-06199 WHA