IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAMATH RIVERKEEPER, a nonprofit public benefit corporation, HOWARD McCONNELL, LEAF G. HILLMAN, ROBERT ATTEBERY, and BLYTHE REIS,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFICORP, INC., an Oregon Corporation,<br><br>Defendant. | No. C 07-06199 WHA<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR CLARIFICATION OF ORDER** |

In this environmental-tort action, plaintiffs move for clarification of the order provisionally consolidating the instant action with *McConnell v. PacifiCorp, Inc.*, C 07-02382 WHA.

On May 2, 2007, Howard McConnell, Leaf G. Hillman, Robert Attebery, Frankie Joe Myers, Terance J. Supahan, Michael T. Hudson, Blythe Reis, and Klamath RIVERKEEPER filed suit against PacifiCorp, Inc., for private and public nuisance, trespass, negligence, and unlawful business practices (*McConnell v. PacifiCorp, Inc.*, C 07-02382 WHA). In the parties' joint case management conference statement, plaintiffs stated their intent to seek leave to amend their complaint to assert a claim under the Federal Solid Waste Disposal Act, 42 U.S.C. 6901 *et seq.* (also known as the Resource Conservation and Recovery Act, "RCRA"). The case management order in the *McConnell* action provided that leave to amend pleadings must be sought by September 27, 2007 (*id.* at Dkt. 48). Plaintiffs never sought leave to amend their

1  complaint. Plaintiffs' counsel candidly admitted at hearing that they dropped the ball and
2  allowed this deadline to pass.

3  On December 6, 2007, five of the eight *McConnell* plaintiffs, Klamath RIVERKEEPER,
4  Howard McConnell, Leaf G. Hillman, Robert Attebery, and Blythe Reis, filed the instant action
5  against PacifiCorp, Inc., for violations of the RCRA. On December 20, 2007, PacifiCorp
6  moved to dismiss this action as duplicative of the *McConnell* action. An order dated
7  February 22, 2008, found the instant action to be duplicative of the *McConnell* action, but held
8  that consolidation of the two cases, rather than dismissal of the instant action, was the
9  appropriate relief. Accordingly, the February 22 order denied defendants' motion to dismiss
10 this action, and provisionally consolidated the instant action with C 07-02382 WHA, subject to
11 plaintiffs' counsel's signing and filing a written undertaking within seven calendar days to be
12 jointly and severally responsible for all incremental costs and fees attributable to the
13 two-and-a-half month delay in filing the RCRA claim. The seven-day deadline for such written
14 undertaking is tomorrow, February 29, 2008.

15 Plaintiffs now move for clarification of the February 22 order, particularly with respect
16 to whether fees for the recent motion to dismiss duplicative suit would be included in the
17 incremental costs and fees attributable to the delay. Without due consideration, the Court is
18 unwilling to declare instantly the extent to which the recent motion will be a part of the
19 incremental costs. The issue will be sorted out at a later time. Plaintiffs are asking the Court to
20 decide this issue in one day without briefing, and the Court will not do that. Plaintiffs' motion
21 for clarification of the February 22 order is **DENIED** without prejudice and in due course may be
22 brought again.

**IT IS SO ORDERED.**

Dated: February 28, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2